**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**CIVIL ACTION NO.:** 4:14-CV-00025-M

**SARAH HILLARD,**

*Plaintiff*

vs.

**WELTMAN, WEINBERG AND REIS, CO., LPA,**

*Defendant*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.    This is an action for statutory damages brought by Plaintiff, Sarah Hillard, an individual consumer, against Defendant, Weltman, Weinberg and Reis, Co., LPA, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

### III.   PARTIES

3.      Plaintiff, Sarah Hillard, is a natural person with a permanent residence in Owensboro, Daviess County, Kentucky 42301.

4.      Upon information and belief, the Defendant, Weltman, Weinberg and Reis, Co., LPA, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 323 W. Lakeside Ave., Suite 200, Cleveland Cuyahoga County, Ohio 44113. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

6.      The debt that Defendant is attempting to collect on is related to a student loan for which Plaintiff was a co-signor.

7.      On or about April 3, 2013, Defendant calling from phone number 800-223-2070, in connection with the collection of the alleged debt, communicated

with Plaintiff's parents, who are not co-signers on the alleged debt, by leaving a voicemail on phone number 270-684-5983, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8.    On or around May 2103 and within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff at phone number 270-903-6919 and threatened to garnish Plaintiff's wages.

9.    Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10.    Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

11.    The representations made to Plaintiff by Defendant regarding garnishment were false.

12.    The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13.    Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

///

///

## V.      FIRST CLAIM FOR RELIEF

14.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

> (a)     Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

> (b)     Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

> (c)     Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(d)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(e)     Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection  the alleged debt.

16.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Sarah Hillard, for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Weltman, Weinberg and Reis, Co., LPA, for the following:

A.     Statutory damages.

B.     Costs and reasonable attorney fees.

C.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D.     For such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff, Sarah Hillard, demands trial by jury in this action.


DATED: March 19, 2014

>                    RESPECTFULLY SUBMITTED,
>
>                    By: <u>/s/Shireen Hormozdi</u>
>                    Shireen Hormozdi
>                    Hormozdi Law Firm, LLC
>                    1770 Indian Trail Lilburn Road
>                    Suite 175
>                    Norcross, GA 30093
>                    Tel: 678-395-7795
>                    Tel: 323-988-2400 x267
>                    Fax: 866-929-2434
>                    shireen@hormozdilaw.com
>                    *Counsel for Plaintiff,*
>                    *Sarah Hillard*